# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ELVIA NARCISA REA-CHILENO,

        Petitioner,

        v.                                 Case No. 26-cv-00117-KWR-JMR

PAMELA BONDI, *Attorney General,*
*U.S. Department of Justice*, *in her official capacity*,
KRISTI NOEM, *Secretary U.S. Department of Homeland Security,*
*in her official capacity*,
TODD M. LYONS, *Acting Director, U.S. Immigration and Customs*
*Enforcement*, *in his official capacity*, and
MARY DE ANDA-YBARRA, *Director, U.S. Immigration and Customs Enforcement,*
*El Paso Field Office, in her official capacity*,

        Respondents.

## MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S MOTION TO ENFORCE

**THIS MATTER** comes before the Court on Petitioner Elvia Narcisa Rea-Chileno's Motion to Enforce Habeas Order (Doc. 13).  Having reviewed the parties' pleadings, exhibits, and the relevant law, the Court finds that the motion is not well-taken, and therefore, is **DENIED**.

## BACKGROUND

Petitioner, a citizen of Ecuador, was arrested and detained on January 6, 2026. Doc. 1 ¶ 5 (Petition). Petitioner filed her Petition on January 22, 2026. *See id.* at 1. The Court found that she was entitled to an individualized bond hearing under 8 U.S.C. § 1226(a). Doc. 10 at 9 (Memorandum Opinion and Order). Petitioner received notice and was afforded a bond hearing on February 27, 2026. Doc. 13 at 1 (Motion to Enforce).

At her bond hearing, both parties presented arguments. Doc. 13-2 at 4–5 (Bond Hearing Transcript). The immigration judge ("IJ") considered individualized facts such as "her manner of entry, her lack of ties," her time in the United States, and the speculative nature of her application for relief. *Id.* at 5. The IJ denied bond. *Id.* Petitioner now contends that the hearing "deprived [her] of a meaningful opportunity to be heard and was insufficiently individualized" in violation of the Court's order and due process. *Id.*

## DISCUSSION

Petitioner argues that the Court has jurisdiction to consider this motion, Respondents violated the Court's order by failing to provide an "individualized" bond hearing, and Respondents violated Petitioner's due process rights by failing to comply with the order. Doc. 13 at 5–15. The Court considers each argument in turn.

The Court "retains jurisdiction to enforce its lawful judgments, including habeas judgments." *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010); *see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (explaining that a district court has authority to enforce its habeas judgment). And the Court has jurisdiction over constitutional challenges to the application of 8 U.S.C. § 1226. *See Demore v. Kim*, 538 U.S. 510, 517 (2003) (holding that "Section 1226(e) contains no explicit provision barring habeas review, and . . . its clear text does not bar [a petitioner's] constitutional challenge"); *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). But the Court does not have jurisdiction to review an IJ's "discretionary and factual determinations." *Tobar v. Gonzales*, 200 F. App'x 796, 799 (10th Cir. 2006) (quoting *Ferry v. Gonzales*, 457 F.3d 1117, 1130 (10th Cir. 2006)). Under § 1226(e), "[n]o court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention of any alien or the revocation or denial of bond or parole."

2

The Court has jurisdiction over the narrow issues of whether the hearing complied with the Court's order and whether the hearing was sufficiently individualized to satisfy Petitioner's due process rights. However, the Court may not review whether the IJ failed to appropriately consider evidence and factors relevant to Petitioner's bond determination, even if Petitioner recasts this concern as a constitutional issue. *See Tobar*, 200 F. App'x at 799.

The Court finds that the bond hearing Petitioner received was sufficiently individualized and complied with the Court's order. Petitioner argues that her bond hearing was not sufficiently individualized because it contained "no analysis tied to Petitioner." Doc. 13 at 9.  In making this argument, Petitioner claims that "the immigration judge made no reference to any documentary evidence submitted by Petitioner and failed to address key evidence." *Id.* Not so. The IJ specifically found that "she's a flight risk due to her manner of entry, her lack of ties to the United States, she's only been here approximately 18 months to 2 years at the most, and her form of relief is highly speculative based on the I-589 application." Doc. 13-2 at 5. The IJ referenced her pending Form I-589 which she submitted for consideration. *See* Doc. 13-3 at 3. The IJ considered the particular situation of Petitioner by mentioning "her manner of entry, her lack of ties," how long she has been in the United States, and the speculative nature of the particular form of relief she seeks. Doc. 13-2 at 5. The Court finds that Petitioner's bond hearing was sufficiently individualized to comply with the Court's order.[1]

---

[1] Petitioner also argues that Respondents said they had "no argument" to support Petitioner's continued detention. *See* Doc. 13 at 14, 17. The Court's order did not require that Respondents bear the burden at the hearing. Thus, even if it were true that Respondents presented no argument, it would not be dispositive. Further, Respondents said, "DHS has no argument," and when pressed further by the IJ, Respondents said "there's just the general concerns with speculative release." Doc. 13-2 at 5.  This is not presenting no argument as Petitioner suggests.

Petitioner contends that her due process rights are violated by her continued detention without a compliant bond hearing. Doc. 13 at 11–15. The Court disagrees. Much of Petitioner's due process argument relies on her contention that her bond hearing was not sufficiently individualized, but the Court finds that the bond hearing was sufficiently individualized. Petitioner makes the adjacent argument that her due process rights were violated because the IJ did not "meaningfully" evaluate the evidence or the record. *See id.* at 12, 14. Consistent with its own jurisdiction, the Court will not consider whether the evidence was meaningfully or properly evaluated by the IJ. Doing so would run afoul of § 1226(e). *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) (noting that "discretionary decisions [by an IJ] granting or denying bond are not subject to judicial review" (citing § 1226(e)). Further, the Tenth Circuit has found that challenging the IJ's weighing of the evidence under the guise of a due process claim would circumvent Congress's clear intent to eliminate judicial review. *See Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (10th Cir. 2001) (finding that a petitioner may not create jurisdiction "through the facile device of re-characterizing an alleged abuse of discretion as a 'due process' violation" (citation omitted)). The core claim underlying Petitioner's motion is that she believes the IJ did not properly weigh the evidence at the hearing. *See* Doc. 13 at 9. Having found that the hearing was sufficiently individualized, the Court will not reconsider the discretionary determination of the IJ. *See  Hafoka v. Sessions*, 734 F. App'x 565, 571 (10th Cir. 2018) (finding that jurisdiction-stripping statutes cannot be evaded by couching an otherwise unreviewable claim "under constitutional rhetoric"). Aside from the challenges to Petitioner's bond hearing, Petitioner

does not raise any other grounds for a violation of due process. Accordingly, the Court finds that Petitioner has not raised a colorable constitutional claim.[2] *See Tobar*, 200 F. App'x at 800.

**CONCLUSION**

In sum, the Court finds that the IJ complied with the Court's order and that § 1226(e) strips the Court of subject-matter jurisdiction to consider Petitioner's remaining arguments challenging the IJ's discretionary decision to deny bond. Therefore, Petitioner's Motion to Enforce (**Doc. 13**) is **DENIED**. To the extent the Court lacks jurisdiction, the Motion is **DISMISSED**.

**IT IS SO ORDERED.**

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner also makes cursory references to due process issues arising from her initial detainment and re-arrest without any change in circumstance. *See* Doc. 13 at 14–15. These claims were already considered by the Court, and the Court found that Petitioner did not adequately demonstrate why due process required her release as opposed to a bond hearing. Doc. 10 at 9–11. Thus, the Court will not reconsider the issues here.